UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLAS CLINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02021-TWP-MJD |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL ARBITRATION**

This matter is before the Court on the motion of Defendant Experian Information Solutions, Inc., ("Experian") to compel arbitration. [Dkt. 65.] For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Plaintiff alleges in his Complaint that he was the victim of fraud, which caused his credit reports to contain outstanding balances on accounts that were not his, including a debt owed to Security Credit. He reported the fraud to law enforcement and disputed the validity of the information about the Security Credit debt with each of the Defendants in this case, which are consumer reporting agencies. Plaintiff alleges that the Defendants' acts (or omissions) in response to his disputes violated the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) and § 1681i(a).

Plaintiff has at all relevant times been a member of CreditWorks, "a credit monitoring membership with [Experian's] affiliate, ConsumerInfo.com, Inc. ("CIC") (which does business as Experian Consumer Services ("ECS"))." In order to enroll in CreditWorks, Plaintiff was

required to agree to its Terms of Use, which included an Arbitration Agreement. The Arbitration Agreement provided that it applied to ECS and its "affiliates," which include Experian.

## II. Discussion

Experian now moves to compel arbitration of Plaintiff's claims against it. Plaintiff does not dispute that there is an Arbitration Agreement that applies to the parties and that the Agreement includes the right to have issues of arbitrability decided by an arbitrator, rather than a court.[1] Rather, Plaintiff's sole argument in opposition to Experian's motion is that Experian waived its right to enforce the Arbitration Agreement by participating in this litigation.

This argument certainly has merit. "[A] party can waive a contractual right to arbitration," and the Court

> will infer waiver of the right to arbitrate if, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate. *Kawasaki* [*Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011)]. This includes, among several other factors, "the diligence or lack thereof of the party seeking arbitration," which should "weigh heavily" in the analysis. *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995).

*Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 950 (7th Cir. 2020). "Participation in litigation is considered in the waiver determination in order to ensure that the proper forum for a dispute is established as early as possible." *Kawasaki*, 660 F.3d at 994.

This case was filed on October 15, 2022; the instant motion was filed on nearly seven months later--May 5, 2023. In between, Experian participated fully in this litigation, including the following: filing a response to an order to show cause regarding whether this case should be

---

[1] Plaintiff does not concede that the Arbitration Agreement applies to Plaintiff's claims in this case, and notes that at least one arbitrator has determined that claims under the FCRA are beyond the scope of the Agreement. *See* [Dkt. 74-2].

2

consolidated with another case, [Dkt. 31]; filing an answer that does not mention arbitration, [Dkt. 28]; participating in the filing of a case management plan, [Dkt. 35]; participating in an initial pretrial conference with the Court, [Dkt. 39]; serving its initial disclosures; responding to Plaintiff's requests for production, interrogatories, and requests for admission; filing its preliminary witness and exhibit lists, [Dkt. 44]; responding to Plaintiff's settlement demand and making a settlement offer; serving written discovery on Plaintiff, to which Plaintiff responded; filing three joint status reports regarding discovery, one each in February 2023, [Dkt. 47], March 2023, [Dkt. 52], and April 2023, [Dkt. 56]; and participating in three status conferences with the Court, on March 1, 2023, [Dkt. 50], March 30, 2023, [Dkt. 53], and April 26, 2023, [Dkt. 64]. These actions do not appear to be consistent with the right to arbitrate. Indeed, the Declaration of John A. Vogt indicates that Experian was willing to litigate this claim until a discovery dispute arose, [Dkt. 76-1 at 3]; in other words, Experian chose to litigate until it did not suit it to do so any longer, rather than diligently exercising its right to arbitrate.

However, as Experian points out in its reply brief, in this case, the question of waiver must be decided by an arbitrator, not the Court. In *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002), the Supreme Court noted the following:

> the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." [*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).] Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp. 2002). And the comments add that "in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.,* whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.,* § 6, comment 2, 7 U.L.A., at 13 (emphasis added).

3

In *Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2017 WL 1954545, at *2 (N.D. Ill. May 11, 2017), the court aptly noted:

> [S]ome courts have construed the Supreme Court's statements [in *Howsam* narrowly, interpreting them to permit courts to decide the issue of whether litigation conduct waives the right to seek arbitration. E.g., *HTG Capital Partners, LLC v. Doe*, No. 15 C 02129, 2016 WL 612861, at *4-5 (N.D. Ill. Feb. 16, 2016). And, while "no Seventh Circuit case has explicitly decided who should decide this type of waiver question, in several instances the Seventh Circuit has reviewed a district-court decision deciding the waiver issue and has not noted any problem with the district court being the decision-maker." *Id.* at *5 (collecting Seventh Circuit cases reviewing district courts' findings of waiver by litigation conduct).

Indeed, the Supreme Court itself recently decided just such a case, beginning its decision as follows:

> When a party who has agreed to arbitrate a dispute instead brings a lawsuit, the Federal Arbitration Act (FAA) entitles the defendant to file an application to stay the litigation. *See* 9 U.S.C. § 3. But defendants do not always seek that relief right away. Sometimes, they engage in months, or even years, of litigation— filing motions to dismiss, answering complaints, and discussing settlement— before deciding they would fare better in arbitration. When that happens, **the court faces a question**: Has the defendant's request to switch to arbitration come too late?

*Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1710-11 (2022) (emphasis added). Thus, the language from *Howsam* quoted above cannot be read to mean that all questions of waiver or delay—including claims of waiver based on participation in litigation for a time before moving to compel arbitration—are questions of procedural arbitrability to be decided by an arbitrator. Indeed, the Court finds persuasive the thoughtful reasoning of the court in *HTG Capital Partners*, which noted that "it makes more sense for courts to decide this particular category of waiver, because the answer typically turns on whether a party abused the litigation or pre-litigation process, and a court is most adept at policing procedure-abusing conduct." *HTG Cap.*

*Partners*, 2016 WL 612861, at *5 (citing *Banc of Am. Sec. LLC v. Indep. Tube Corp.*, 2010 WL 1780321, at *5 (N.D. Ill. May 4, 2010) (in turn quoting *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 394 (6th Cir. 2008))) (cleaned up and internal quotation marks omitted).

The inquiry does not end there, however, because parties can agree that even issues of "substantive arbitrability" will be decided by arbitration, rather than by a court. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). In this case, the Arbitration Agreement contains very broad language, providing that "[a]ll issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision." [Dkt. 66-1 at 30.] This language demonstrates the parties' intent to arbitrate even issues of substantive arbitrability that would otherwise be decided by a court. *See, e.g.*, *Unite Here Loc. 217 v. Sage Hosp. Res.*, 642 F.3d 255, 262 (1st Cir. 2011) (holding that "[t]he breadth of the arbitration clause" in that case, "which cover[ed] 'any disputes over [the] interpretation or application' of the Agreement," constituted "the clear and unmistakable intent of the parties to arbitrate controversies" regarding substantive arbitrability). Whether Experian delayed too long and therefore participated too much in this litigation before seeking arbitration is an issue of arbitrability. Consequently, while this Court would certainly find that Experian's litigation conduct in this matter effected a waiver of the arbitration provision, because the Arbitration Clause is broad enough to encompass the waiver issue raised by Plaintiff in response to the instant motion, that issue must be decided by an arbitrator.

### III. Conclusion

For the reasons set forth above, the Court finds that the issue of whether Experian has waived its right to enforce the Arbitration Agreement by participating in this litigation and delaying the filing of its motion to compel arbitration is an issue to be decided by an arbitrator. Accordingly, Experian's motion to compel arbitration, [Dkt. 65], is **GRANTED** and this case is **STAYED** as to Experian only, pending the completion of the arbitration proceedings.

Plaintiff and Experian shall file a joint Notice setting forth the status of the arbitration proceedings on or before **August 28, 2023, and every thirty days thereafter, and shall notify the Court within seven days of the conclusion of the arbitration**.

SO ORDERED.

Dated: 30 MAY 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.